# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ATAKAPA INDIAN de CREOLE NATION, ET AL. | CIVIL ACTION |
| VERSUS | 19-28-SDD-EWD |
| GOVERNOR JOHN BEL EDWARDS, ET AL. | |

### RULING

This matter is before the Court on the *Application for Emergency Temporary Restraining Order and Injunction*[1] filed by Plaintiff "the CHRISTIAN EMPEROR, Edward Moses Jr., (who refers to himself throughout the pleadings as "his Majesty") Trust Protector of the American-l'iberian Indian Tribe of מֹשֶׁה Moses also known as the Atakapa Indian de Creole Nation." "His Majesty," Edward Moses, Jr. is also listed as counsel of record for Plaintiff. In Plaintiff's *Verified Complaint*, Plaintiff states that he is bringing this action as a class action based on the Defendants' violations of Section 1 of the Sherman Act.[2]

Plaintiff seeks herein relief from, *inter alia,* the Government shutdown which has allegedly injured an "entire nation of American Aboriginal Indigenous people falsely labeled African Americans and Bozal, Latino, Ladinos, Latinos women and children …

---

[1] Rec. Doc. No. 1.
[2] Plaintiff cites 15 U.S.C. § 1.
49730

together with roughly 800,000 Federal Employees by unlawfully withholding their income for work performed" when "[m]any of these people are his Majesty's citizen's [sic], subjects or assigns; protection from "a wrongful injury and restraint upon his liberty to be free from prosecution for failure to obtain an Alarm User Permit;"[3] "both known and unknown …<u>erosion of his Majesty's right to be free from injury;</u>[4] and relief from the defendants named in the verified complaint engaging in "anti-trust monopolistic commercial activity that further injures the Royal Crown."[5]

Named as Defendants in this action are:[6] President Donald Trump; Governor John Bel Edwards, Governor of the State of Louisiana; Mayor Freddie DeCourt, Mayor of the City of New Iberia, State of Louisiana; Mayor Adrian Perkins; Mayor of the City of Shreveport, State of Louisiana; Mayor Jamie Mayo, Mayor of the City of Monroe, State of Louisiana; Mayor Sharon Weston Broome, Mayor of the City of Baton Rouge, State of Louisiana; Baton Rouge City Police Chief Murphy J. Paul, Jr; Mayor Melinda Mitchell Mayor, Mayor of the City of St. Martinville, State of Louisiana; Mayor LaToya Cantrell, Mayor of the City of New Orleans, State of Louisiana; Ryan Zinke, United States Secretary of the Interior; Michael R. Pompeo, United States Secretary of State; His Excellency, Felipe VI of Spain; Justin Trudeau, Prime Minister of Canada; Emmanuel Macron, President of France; Angela Merkel, Chancellor of Germany; Theresa May,

---

[3] Rec. Doc. No. 1 at 18.
[4] *Id.*(emphasis in original).
[5] *Id.*
[6] The Court names the Defendants exactly as Plaintiff has named them in the *Verified Complaint*; the Court does not verify proper spelling, titles, or corporate/business identifications.
49730

Prime Minister of the United Kingdom; Pope Francis of the Catholic Church; Xi Jinping, President of China; Abdel Fattah el-Sisi, President of Egypt; Fayez al-Sarraj, Prime Minster of Libya; George Weah, President of L'iberia; Benjamin Netanyahu, Israel Prime Minister; Jean-Claude Juncker, "a Luxembourgish politician serving as President of the European Commission since 2014"; Donald Franciszek Tusk, "a Polish politician who has been the President of the European Council since 2014"; the President of the Republic of Turkey; the President of the Republic of South Korea; the President of the Republic of South Africa; the King of Saudi Arabia; Vladimir Vladmirovich Putin, "a Russian politician and former intelligence officer serving as the President of Russia since 2012"; Andrés Manuel López Obrador, "a Mexican politician currently serving as the 58th President of Mexico"; Shinzo Abe, "a Japanese politician serving as Prime Minister of Japan and Leader of the Liberal Democratic Party (LDP) since 2012"; Giuseppe Conte, "an Italian jurist and politician serving as the 58th and current Prime Minister of Italy"; Joko Widodo, "an Indonesian politician … current President of Indonesia"; Narendra Damodardas Modi, Prime Minister of India; Jair Messias Bolsonaro, President of Brazil; Scott John Morrison; Prime Minister of Australia; Mauricio Macri, President of Argentina; the G20, "an international forum for the governments and central bank governors from 19 countries and the Eureopan Union"; State Street Bank and Trust Company; State Street Corporation; State Street Global Advisors; Barclays Bank PLC; Citibank (broken down

49730

into four entities);[7] Credit Suisse (broken down into three entities);[8] Deutsche Bank AG; JP Morgan (broken down into three entities);[9] Royal Bank of Scotland Group PLC; UBS (broken down into three entities);[10] Thomas Reuters Corporation; Sequoia Capital; Twitter, Inc.; Wells Fargo & Company; the Associated Press; China Construction Bank Corporation; Agricultural Bank of China Limited; Bank of China; Mitsubishi UFJ Financial Group, Inc.; J.P. Morgan Chase & Co; HSBC Holdings plc; BNP Paribas S.A.; the Bank of America Corporation; Crédit Agricole Group; Deutsche Bank AG, Lloyds Banking Group plc; the Royal Bank of Canada; New York Life Insurance Company; American International Group, Inc.; Berkshire Hathaway Inc.; UnitedHealth Group Inc.; McKesson Corporation; CVS Health Corporation; Amazon.com, Inc.; Alibaba Group Holding Limited; Burger King; Restaurant Brands International Inc.; Subway; Starbucks Corporation; McDonald's; Yum! Brankds, Inc.; The Wendy's Company; Cadbury; Mars; General Motors Company; Ford Motor Company; AmerisourceBergen Corporation; *Fortune* Magazine; Meredith Corporation; *Bloomberg Businessweek* Magazine; Oracle America Inc.; Nokia; Google; Walmart; Facebook, Inc.; Microsoft Corporation; Apple Inc.; PayPal Holdings, Inc.; eBay Inc.; Anheuser-Busch InBev SA/NV; Luxottica Group S.p.A.; Morton's Salt; K+S AG; Tabasco Pepper Sauce; Marvel Comics; DC Comics, Inc.; Warner Bros. Entertainment Inc.; The Walt Disney Company; Comcast Corporation; AT&T Inc.;

---

[7] *See* Rec. Doc. No. 1-2, ¶ 46.
[8] *Id.* at ¶ 47.
[9] *Id.* at ¶ 49.
[10] *Id.* at ¶ 51.
49730

Time Warner-Warner Media, LLC; International Business Machines Corporation (IBM); The Dow Chemical Company; BASF SE; E.I. duPont de Nemours and Company; China Petroleum & Chemical Corporation; SABIC; INEOS; Formosa Plastics Corporation; the National Broadcasting Company (NBC); ESPN; the major professional sports leagues in the United States and Canada – Major League Baseball (MLB), the National Basketball Association (NBA), the National Football League (NFL), the National Hockey League (NHL), Major League Soccer (MLS), and the Canadian Football League (CFL); Hearst Communications; the American Broadcasting Company (ABC); Citadel Broadcasting Corporation; Cumulus Media, Inc.; Entercom Communications Corporation; British Nuclear Fuels Limited; Siemens AG; Toshiba Corporation; Viacom, Inc.; Twenty-First Century Fox, Inc.; News Corporation; Lockheed Martin Corporation; the Boeing Company; Airbus SE; United Technologies Corporation; GE Aviation; Northrup Grumman Corporation; the Raytheon Company; Safran S.A.; BAE Systems plc; Rolls-Royce Holdings plc; General Dynamics Corporation; Leonardo S.p.A; L3 Technologies; BP plc; Chevron Corporation; Exxon Mobil Corporation; Royal Dutch Shell plc; Total SA; Eni-SpA; Phillips 66 Company; Crown Prince of Saudi Arabia; Aramco; Motiva Enterprises; OPEC; American Airlines; United Airlines; Delta Airlines; Atlas Air, Inc.; FedEx Express; FedEx Corporation; Polar Air Cargo, LLC; UPS Airlines; Southwest Airlines Co.; Southwest Airlines Co.; Toyota Motor Corporation; Volkswagen AG; the Hyundai Motor Group; Nissan Motor Company, Ltd.; Honda Motor Company, Ltd; Fiat Chrysler Automobiles N.V.; BMW AG; and Leonard R. Olijar, "named as a defendant because he

49730

is the Director of the Bureau of Engraving and Printing (BEP)."

Plaintiff also seeks to have this case certified as a class action. Plaintiff claims that a class is "readily identifiable" and is one "for which records should exist" since it includes "[a]ll natural and legal persons who traded foreign currency directly with a Defendant."[11]

## I. STANDARD FOR A TEMPORARY RESTRAINING ORDER

In order to obtain a TRO, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the defendant, and (4) that granting the preliminary injunction will not deserve the public interest.[12] Because a temporary restraining order is an extraordinary remedy, it should be granted only if Plaintiff clearly carries his burden of persuasion as to all four factors.[13]

Rule 65(b)(1) of the Federal Rules of Civil Procedure states that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff

---

[11] *Id.* at ¶¶ 191, 189.
[12] *Justin Industries v. Choctaw Securities, L.P.*, 920 F.2d 262 (5th Cir.1990).
[13] *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).
49730

has failed to satisfy both requirements set forth in Rule 65(b)(1).

Plaintiff submits to the Court a purported "*Verified Complaint*" with a preceding *Affidavit* wherein Edward Moses attests that he personally appeared before a Notary and, after being duly sworn, did depose and state: "That he is petitioner in the above and foregoing petition and that all of the allegations of fact contained therein are verified, true, and correct to the best of his information, knowledge and belief."[14] The Notary's signature is illegible, there is no notary stamp or seal, no notary number, and no identification of what state and parish/county under which the Notary is commissioned. The Court cannot determine the identity of the Notary. Thus, the purported *Affidavit* is invalid. Further, the purported *Affidavit* is substantively deficient. Following Fifth Circuit precedent, this Court has held that verified pleadings "must be based on personal knowledge alone … [not] verified only on 'knowledge, information, and belief.'"[15] Plaintiff does not attest that the facts alleged are based on his personal knowledge.

Also lacking is the certification required by counsel regarding attempted notice efforts or a reason why notice should not be provided. Indeed, the issue of notice is simply ignored by Plaintiff altogether. There is nothing before the Court to indicate that Plaintiff had made good faith efforts to comply with his obligation to act equitably when seeking such an extraordinary equitable remedy.

Plaintiff's conclusory, unsubstantiated, and often outlandish allegations also fail to

---

[14] Rec. Doc. No. 1-2 at 1.
[15] *Charbonnet v. Malveaux*, No. 15-799-JWD-RLB, 2017 WL 740337 at *1 (quoting *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965)).
49730

demonstrate a likelihood of success on the merits. First, the Court has serious doubts that it has subject matter jurisdiction and/or personal jurisdiction over many of the named Defendants. Plaintiff states that "[t]his Court has personal jurisdiction over each of the Defendants by virtue of their business activities in this District."[16] This statement is woefully insufficient to demonstrate jurisdiction, particularly in a case involving Defendants who are foreign sovereign nations/leaders and local and federal sovereign who enjoy sovereign immunity in many instances. Additionally, simply having a business in the Middle District of Louisiana does confer to this Court personal jurisdiction over a Defendant; rather, a Defendant's business contacts with this district must be connected to the alleged injury caused to the Plaintiff. This has not been demonstrated to the Court's satisfaction to entertain the drastic remedy of a TRO.

Further, Plaintiff makes blanket allegations against all Defendants collectively that they are, among other things, allegedly engaged in vast anti-trust conspiracies. As just one example, Morton's Salt company is named as a Defendant and "co-conspirator" in this suit, yet there is not a single additional reference to Morton's Salt or any *specific facts* describing the *specific laws* that Morton's Salt is alleged to have broken that caused *specific injury* to Plaintiff and his tribe. The same could be said for the majority of the named Defendants.

Having failed to satisfy the requirements of Rule 65, Plaintiff's *Motion* shall be DENIED.

---

[16] Rec. Doc. No. 1-2 at 4.
49730

## II. CLASSIFICATION OF CASE

Plaintiff filed this suit as a *Petition for Writ of Habeas Corpus ad subjiciendum* pursuant to 28 U.S.C § 153.[17] Although "[a] petition for a writ of habeas corpus *ad subjiciendum* seeks the issuance of what is commonly understood as the 'Great Writ' of habeas corpus at common law, the petition used by prisoners to challenge the constitutionality of their convictions and sentences,"[18] Plaintiff's requested relief at this stage is clearly for declaratory and injunctive relief. The Court surmises that Plaintiff has chosen to file under this procedural vehicle to pay a $5 filing fee rather than a $400 filing fee and to circumvent the stay of all civil litigation matters to which the United States is a party due to the Government shutdown. Indeed, Plaintiff has argued why the Court's abeyance *Order* does not apply to habeas corpus cases filed under title 28 Chapter 153. It must be noted, however, that 28 U.S.C. § 153 references Judicial salaries and character of service for United States Bankruptcy judges and provides no support for Plaintiff's habeas claim.

Plaintiff has recently filed a similar case on behalf of the Atakapa Indian de Creole Nation in the District Court for the Western District of Louisiana.[19] In that case, Plaintiff sued the State of Louisiana and the United States of America, both of which asserted the

---

[17] Plaintiff cites 28 U.S.C. § 153, however this statute references Judicial salaries and character of service of United States Bankruptcy judges. Plaintiff later references 28 U.S.C. § 2241 for this claim.
[18] *Burgess v. Lappin*, 2011 WL 4950061 at *1 (D S.C. Oct. 18, 2011)(citing *Stantini v. United States*, 986 F.Supp. 736, 739 (E.D.N.Y.1997)).
[19] Rec. Doc. No. 1 at 6, citing 6:18cv190, 2018 WL 42222830 at *1 (W.D. La. July 23, 2019, *report and recommendation adopted*, 6:18cv190, 2018 WL 4089358 (W.D. La. Aug. 27, 2018).
49730

defense of sovereign immunity.[20] The Court granted the motion to dismiss for lack of subject matter jurisdiction, finding that neither the State of Louisiana nor the United States of America had waived its sovereign immunity.[21] Notably, the record in the Western District case reveals that Plaintiff was issued a Notice of Deficiency a week after the filing of his initial *Petition for Writ of Habeas Corpus ad subjiciendum*, the same manner in which Plaintiff has classified the case filed here. The Western District Clerk of Court notified Plaintiff that his matter had been reclassified as a declaratory judgment action, and he was required to pay the entire filing fee or submit an application to proceed *In Forma Pauperis*.[22] Although Plaintiff objected to this reclassification, the Plaintiff paid the filing fee, and the matter proceeded properly as a declaratory judgment action. Because the Court finds that the same action is warranted in the present case, the Court refers the matter of reclassification to the Magistrate Judge for a hearing. The Magistrate Judge should also consider the potential effect of the Court's abeyance *Order* staying all civil actions involving the United States as a result of the Government shutdown upon the likely reclassification of this matter.

---

[20] Undoubtedly, several of the same defendants in the Western District case have been named as Defendants in the present case, and they would undoubtedly successfully assert the defense of sovereign immunity herein for the same reasoning set forth by the Western District Court.
[21] *Atakapa Indian de Creole Nation v. Louisiana*, 2018 WL 42222830 at *4.
[22] *See* WDLA 6:18-cv-00190-SMH-PHJ, Rec. Doc. No. 4.
49730

### III. CONCLUSION

For the reasons set forth above, Plaintiff's *Application for Emergency Temporary Restraining Order and Injunction*[23] is hereby DENIED. The matter of reclassification of this case, and related issues, along with questions of subject matter and personal jurisdiction, are hereby referred to the Magistrate Judge for a hearing at her earliest convenience.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 17, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. No. 1.
49730