**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ATAKAPA INDIAN**<br>**DE CREOLE NATION** | **CIVIL ACTION NO.** |
| | **19-28-SDD-EWD** |
| **VERSUS** | |
| **LOUISIANA, THROUGH THE**<br>**GOVERNOR'S OFFICE OF**<br>**INDIAN AFFAIRS, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 14, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ATAKAPA INDIAN**                                         **CIVIL ACTION NO.**
**DE CREOLE NATION**
                                                          **19-28-SDD-EWD**
**VERSUS**

**LOUISIANA, THROUGH THE**
**GOVERNOR'S OFFICE OF**
**INDIAN AFFAIRS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Original Complaint[1] and Second Motion for Leave to File Supplemental and Amended Complaint,[2] filed by Edward Moses[3] ("Plaintiff"), individually and on behalf of the Atakapa Indian de Creole Nation ("Atakapa").  Following a hearing held pursuant to *Spears v. McCotter*,[4] and for the reasons set forth herein, the undersigned RECOMMENDS that Plaintiff's suit be dismissed with prejudice.  Plaintiff's Motion for Leave to File Supplemental and Amended Complaint is denied.[5]

## I.    Background

On January 15, 2019, Plaintiff filed an Application for Emergency Temporary Restraining Order ("TRO") and Injunction[6] and Application for Writ of Habeas Corpus with Verified Complaint ("Complaint"), which allege violations of federal law, purportedly giving rise to federal

---

[1] R. Doc. 1-2.
[2] R. Doc. 12.
[3] Throughout the pleadings, Plaintiff refers to himself as: "the CHRISTIAN EMPEROR D'ORLEANS," "his Majesty," and "the Trust Protector of the American-l'iberian Indian Tribe of Moses." *See, e.g.*, R. Doc. 1-2, pp. 1, 4, 46, 56-57.
[4] 766 F.2d 179 (5th Cir. 1985).
[5] A motion for leave to amend is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, although the Fifth Circuit has not ruled on the issue, the weight of authority appears to be that motions for leave to amend are generally considered nondispositive in nature.  *See, e.g.*, *Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010)(collecting cases).  Accordingly, the undersigned issues a Ruling on the Motion for Leave.
[6] R. Doc. 1.

question jurisdiction under 28 U.S.C. § 1331.[7]  Plaintiff's request for TRO and injunction were denied (the "January 17 Ruling").[8]  On referral,[9] the undersigned held a hearing on January 29, 2019 to determine if this proceeding established grounds for habeas relief.  Plaintiff appeared at the hearing and presented argument.  Since Plaintiff failed to show that the Complaint established grounds for habeas relief, the matter was reclassified as seeking declaratory and injunctive relief.  As a result, Plaintiff was ordered to either pay the required civil filing fee or seek leave to proceed *in forma pauperis*.[10]

Just prior to the January 29, 2019 hearing, Plaintiff filed his First Motion for Leave of Court to File Amended and Supplemental Complaint.[11]  The proposed amended complaint was not comprehensive, and the undersigned explained to Plaintiff at the hearing that the First Motion for Leave was denied on that basis.  Plaintiff was also advised that his allegations in the proposed amended complaint, which were intended to address the deficiencies noted in the January 17 Ruling with respect to the Court's exercise of personal jurisdiction over many of the defendants and subject matter jurisdiction, were still inadequate.  Plaintiff was instructed to file a concise, comprehensive proposed amended complaint in compliance with Fed. R. Civ. P. 8(a).[12]

---

[7] Although the Complaint purports to be verified by an affidavit wherein a "Notary Public" avers that Plaintiff personally appeared before the Notary, and after being duly sworn, stated: "That he is petitioner in the above and foregoing petition and that all of the allegations of fact contained therein are verified, true, and correct to the best of his information, knowledge and belief," the affidavit appears invalid because the Notary's signature is illegible, there is no notary stamp or seal, no notary number, and no identification of the state and parish/county under which the Notary is commissioned. *See* R. Doc. 1-2, p. 1.  To the extent the affidavit does not attest that it is based on Plaintiff's personal knowledge, it also appears substantively deficient. *Charbonnet v. Malveaux*, No. 15-799, 2017 WL 740337 (M.D. La. Feb. 24, 2017) at *1 (to meet the Fed. R. Civ. P. 56 standards for affidavits, verification must be based on an affiant's personal knowledge, and verification based on "knowledge, information and belief" is insufficient) (*quoting Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965)).
[8] R. Doc. 1.  As more fully set forth in the January 17, 2019 Ruling at R. Doc. 4, the Court denied Plaintiff's application for a TRO and injunction because Plaintiff failed to satisfy the four factors set forth in *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citations omitted) and the two requirements of Fed. R. Civ. P. 65(b)(1).
[9] R. Doc. 4.
[10] R. Doc. 8.
[11] R. Doc. 7.
[12] R. Doc. 8.

On March 1, 2019, Plaintiff filed a motion to proceed *in forma pauperis*, which was granted and a hearing set pursuant to *Spears v. McCotter*[13] ("*Spears* hearing") to determine if any or all of Plaintiff's claims were frivolous and subject to dismissal.[14]  Just prior to the scheduled *Spears* hearing, Plaintiff filed his Second Motion for Leave of Court to File Amended and Supplemental Complaint ("Motion for Leave"), which included a 138-page proposed Amended Complaint ("Amended Complaint"), that reiterated many of the same claims asserted in the original Complaint.[15]  The Amended Complaint also added claims for declaratory judgment and quiet title, among others, and again attempted to address the jurisdictional deficiencies.  At the *Spears* hearing, Plaintiff presented argument regarding the basis for his claims.  At the conclusion of the hearing, Plaintiff was advised that a report would be issued with the undersigned's recommendation as to whether Plaintiff's claims should be allowed to proceed.

## II.   Law and Analysis

Plaintiff, a Louisiana-licensed attorney, who (as the Fifth Circuit also found) styles himself as both a monarch and a deity, brings claims on his own behalf and on behalf of the Atakapa tribe. Plaintiff's original Complaint named approximately 180 local, national, and international individual and corporate defendants, including, for example: Mayor of Baton Rouge Sharon Weston Broome, Governor of Louisiana John Bel Edwards,[16] President of the United States Donald Trump, then Prime Minister of the United Kingdom Theresa May, the Crown Prince of Saudi Arabia, and Pope Francis, as well as Microsoft Corporation, Burger King, the Bank of China, and Facebook Inc.[17] (all collectively referred to herein as "Defendants").  Against these numerous

---

[13] 766 F.2d 179 (5th Cir. 1985).
[14] R. Doc. 11.
[15] R. Docs. 12 and 12-2.  The Motion for Leave was referred to the undersigned.
[16] The defendants domiciled in Louisiana defeat diversity jurisdiction under 28 U.S.C. §1332.
[17] R. Doc. 1-2, pp. 4-26.

Defendants, Plaintiff makes various, and often incomprehensible, allegations in his Complaint and proposed Amended Complaint on behalf of the Atakapa as its "Trust Protector"[18] including, without limitation, claims for tribal recognition[19] and a Fed. R. Civ. P. 23 class action based upon Defendants' alleged global and "intergalactic" conspiracy to restrain trade in order to manipulate foreign currency rates on the foreign exchange market in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.*[20] [21] Louisiana's antitrust law, La. R.S. 51:122 *et seq.*,[22] and the Civil Rights Act of 1871, 42 U.S.C. § 1983.[23]

### A. The Fifth Circuit Previously Dismissed Plaintiff's Claims As Frivolous

In the January 17, 2019 Ruling, this Court specifically noted that Plaintiff previously asserted similar claims in the United States District Court for the Western District of Louisiana ("Western District").[24] The Western District ultimately disposed of all of Plaintiff's claims as

---

[18] *Id.* at pp. 4, 56.

[19] R. Doc. 1-2, pp. 56, 59, 61, 63-71.

[20] R. Doc. 1-2, pp. 3, 27-30, 47-48, *citing* 15 U.S.C. § 1. *See also* Plaintiff's discussion of "spot FX trade[s]," and "State Street Rules for WM/Reuters Rates" at R. Doc. 1-2, pp. 36-45, which purports to set forth the basis for Plaintiff's conspiracy claim alleging the manipulation of foreign exchange rates and governmental investigations thereof.

[21] Plaintiff sets forth a lengthy recitation of the alleged historical treatment of the Atakapa, the Freedman's Bank, the Compromise of 1877, the production of currency by the U.S. Dept. of the Treasury's Bureau of Engraving and Printing, and other matters. *See* R. Doc. 1-2, pp. 30-36. In connection with these statements, Plaintiff references the "Violation of Human Rights of [unspecified] American Aboriginals," the "Violation of Civil Rights Act of 1871…" and an "Essential Facilities" claim, but Plaintiff does not assert specific factual allegations alleging particularized harm in support of these claims. Rather, Plaintiff refers to these matters in order to explain the "urgency" for judicial action.

[22] R. Doc. 1-2, pp. 49-50, *citing* La. R.S. 51:122. "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal."

[23] *Id., citing* 42 U.S.C. § 1983. Plaintiff's Complaint vaguely references additional claims. For example, Plaintiff also refers to "Trademark Infringement—Temporary Restraining Order" and "Fraud." R. Doc. 1-2, p. 51. However, Plaintiff has not asserted a claim for relief for any particular or actual trademark infringement or fraud in his Complaint, and the Court has already denied Plaintiff's application for a TRO. R. Doc. 4. Rather, Plaintiff only vaguely alleges that he owns the mark "משה" and that he may be entitled to a TRO and injunction if anyone commences use of such mark in the future. Plaintiff also vaguely claims that the federal and state governments know that the Atakapa are indigenous peoples, and that the "transfer" of the Atakapa "into United States Citizenship, Louisiana Residency, or ward and under false names such as African-American, Colored, Black or negroes" was necessarily a fraud. R. Doc. 1-2, pp. 51-52.

[24] R. Doc. 4, p. 9, *citing Atakapa Indian de Creole Nation v. State of Louisiana et al*, No. 18-0190 (W.D. La. Feb. 14, 2018) and specifically, Judge Patrick Hanna's Report and Recommendation at No. 18-0190, 2018 WL 4222830 at *1 (W.D. La. July 23, 2019), *adopted* at 2018 WL 4089385 (W.D. La. Aug. 27, 2018). Like this case, Plaintiff initiated proceedings in the Western District by filing a Petition for Writ of Habeas Corpus.

precluded on sovereign immunity grounds.[25]  Plaintiff appealed the various rulings in the Western

District case disposing of his claims and motions, including motions for leave to file amended

complaints and an application for a temporary restraining order,[26] to the United States Court of

Appeals for the Fifth Circuit ("Fifth Circuit").[27]

On December 10, 2019, the Fifth Circuit affirmed the Western District's rulings on the

alternate basis that "plaintiff's claims are frivolous and the district court lacked jurisdiction to

entertain them."[28]  Noting that Plaintiff's claims are "based on a gumbo of federal and state laws,

including eighteenth-century federal treaties with France and Spain, as well as sources such as the

'Pactum De Singularis Caelum, [or] the Covenant of One Heaven,'" the Fifth Circuit held that,

while the Western District dismissed on sovereign immunity grounds, "it need not go that far" to

resolve the appeal because Plaintiff's claims were "entirely frivolous" such that the lower court

lacked power to entertain them.  According to the Fifth Circuit:

> Some claims are "so insubstantial, implausible, ... or otherwise
> completely devoid of merit as not to involve a federal controversy."
> *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666,
> 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). Federal courts lack power to

---

[25]*See* No. 18-0190, 2018 WL 4089385 (W.D. La. Aug. 27, 2018) (adopting Report and Recommendation recommending dismissal of all of Plaintiff's claims for lack of subject matter jurisdiction due to the application of sovereign immunity); No. 18-0190, 2019 WL 660558, at *1 (W.D. La. Jan. 11, 2019) (denying subsequently-filed application for TRO at R. Doc. 52 because Plaintiff "clearly failed to satisfy the first factor" for temporary injunctive relief, *i.e.*, a substantial likelihood of success on the merits); No. 18-0190, at R. Doc. 58, denying Plaintiff's Motion for Reconsideration/Motion for New Trial of the August 27, 2018 Ruling dismissing Plaintiff's claims with prejudice and also denying two motions for leave to amend complaint.  Then, on March 5, 2019, monetary sanctions were imposed on Plaintiff for violating Fed. R. Civ. P. 11 when Plaintiff based his application for a TRO on the same frivolous claims that had already rejected in the August 27, 2018 Ruling. No. 18-0190, 2019 WL 1050405, at **1-2 (W.D. La. Mar. 5, 2019).
[26] *Compare* R. Doc. 1 herein *with* R. Doc. 52 in No. 18-0190 (W.D. La.), which were filed 7 days apart on January 15, 2019 and January 8, 2019, respectively.
[27] No. 18-0190, R. Doc. 57 (W.D. La. Jan. 11, 2019) (Notice of Appeal of Order denying TRO and injunctions) and R. Docs. 61-62 (W.D. La. Jan. 30, 2019) (Notice of Appeal and Amended Notice of Appeal on Judgment on Report and Recommendations, Order on Motion to Dismiss, and Orders on Motions to Amend and for New Trial).
[28] *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005 (5th Cir. 2019) *citing Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977) ("We hold that the district court was without power to entertain this federal question case otherwise within its jurisdiction because the claim asserted is 'so attenuated and unsubstantial as to be absolutely devoid of merit'. *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904).  Lacking jurisdiction, the district court should have dismissed the action. Fed.R.Civ.P. 12(h)(3).")

entertain these "wholly insubstantial and frivolous" claims. *Southpark Square*, 565 F.2d at 343–44. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id.* at 342.

Unsurprisingly, we can find no Supreme Court precedent controlling or even addressing the plaintiff's exotic claims. We must therefore ask: are the claims "obviously without merit"? We say yes.

The pleadings speak for themselves….[29]

In finding that Plaintiff's claims were frivolous, the Fifth Circuit considered the following: Plaintiff's references to himself as "his Majesty," "[T]he Christian King de Orleans," "[T]he God of the Earth Realm," the "Trust Protector of the American Indian Tribe of Moses," and by using the following Hebrew script "משה ," all of which Plaintiff has used in this case.[30]  The Fifth Circuit also considered Plaintiff's "bizarre" claims, including, for example, Plaintiff's allegations that the Atakapa are being held in "pupilage" by the United States and as "wards" of Louisiana, and that the United States and Louisiana seek to monopolize "intergalactic foreign trade," which Plaintiff has likewise asserted herein.[31]  Next, the Fifth Circuit considered the relief sought, including for example, a "declaration of rights guaranteed ... by the 1795 Spanish Treaty with the Catholic Majesty of Spain and the 1800 French Treaty with the former Christian Majesty of France," which Plaintiff also references herein,[32] as well as the defendants Plaintiff named, *e.g*., Secretary of the Interior Ryan Zinke, then Attorney General Jeff Sessions, King Felipe VI of Spain, Prime Minister Justin Trudeau of Canada, President Emmanuel Macron of France, Chancellor Angela Merkel of Germany, then Prime Minister Theresa May of the United Kingdom and Pope Francis, also named

---

[29] 943 F.3d 1004 at 1006.
[30] 943 F.3d 1004 at 1006 *and see* R. Doc. 1-2, pp. 1, 4, 52, and R. Doc. 12-4, pp. 23-24.
[31] *Id*. at 1006-07 *and see* R. Doc. 1, pp. 7-8, R. Doc. 1-2, pp. 28, 30-33, 56, and R. Doc. 12-2, p. 16.
[32] *Id.* at 1006 *and see* R. Doc. 1, p. 6-7, 31 and R. Doc. 12-4, pp. 14, 126.

as defendants in this case.[33]  The Fifth Circuit declined "to decipher what any of this means" because to do so "might suggest that these arguments have some colorable merit."[34]  Instead, that Court held that federal question jurisdiction did not exist because Plaintiff did not present any non-frivolous claims based on the violation of federal law and, to the extent Plaintiff tried to assert various antitrust violations, such as the ones cited in this proceeding, Plaintiff so completely failed to allege any colorable basis for such violations that the courts should not have to adjudicate the claims.[35]

For the same reasons all of Plaintiff's claims asserted in this case, individually and on behalf of the Atakapa, are completely devoid of merit and should be dismissed.  Likewise, the Motion for Leave,[36] which seeks to add additional frivolous claims similar to the ones already asserted, is denied.[37]

## B. Plaintiff Should Be Ordered to Show Cause If He Continues to Assert Frivolous Claims

Plaintiff is a Louisiana-licensed attorney who is admitted to practice in this Court and is thus required, by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Louisiana Rules of Professional Conduct, to refrain from asserting frivolous claims.[38]  Plaintiff's conduct in asserting frivolous claims in this Court is in violation of Fed. R. Civ. P. 11, which provides, in pertinent part, that by presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it, an attorney certifies that to the

---

[33] *Id*. at 1007 *and see* R. Doc. 1-2, pp. 5-6 and R. Doc. 12-4, p. 25.

[34] *Id*. at 1007.

[35] *Id.*

[36] R. Doc. 12.  Plaintiff's Motion for Leave also failed to comply with the Court's Order for Plaintiff to file a concise and focused proposed Amended Complaint that complies with Fed. R. Civ. P. 8.  *See* R. Doc. 8.

[37] *And see, e.g., Kjellvander v. Citicorp,* No. 93-2665, 156 F.R.D. 138, 141 (S.D. Tex. June 30, 1994) ("Leave to amend should be denied if the proposed claims are subject to dismissal or an amendment would be futile.").

[38] *Thibeaux v. Psychiatrist*, No. 18-314, 2018 WL 1734632, at *3 (M.D. La. March 29, 2018) (holding that *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers) (*citing Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d. 652 (1972)) *and see* Fed. R. Civ. P.  11 and Local Rule 83.

best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  "[W]here a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken, Rule 11 sanctions will be imposed."[39] Courts apply an objective (rather than subjective) standard of reasonableness in determining whether a party has violated Rule 11.[40]

On January 29, 2019, the Western District issued a Memorandum Order, admonishing Plaintiff for asserting the frivolous claims set forth in his application for a TRO,[41] which was filed after the case was closed and which re-alleged many of the same claims that the Western District had already dismissed.  After a show cause hearing, sanctions of $2,500 were imposed against Plaintiff.[42]  This information is pertinent because Plaintiff's Motion for Leave was filed in this Court *one week after the Western District imposed sanctions*[43] yet asserts some of the same frivolous claims upon which those sanctions were based.[44]  Plaintiff is aware that his claims have been determined frivolous yet he continues to needlessly waste judicial resources by re-urging

---

[39] *Jordaan v. Hall*, No. 03-706, 275 F.Supp.2d 778, 787 (N.D. Tex. Aug. 7, 2003) (citation omitted).
[40] *See, e.g., Delor v. Intercosmos Media Group, Inc*., No. 04-3262, 2006 WL 435997, at *1 (E.D. La. Jan. 13, 2006) (*citing Childs v. State Farm Mut. Auto. Ins. Co.,* 29 F.3d 1018, 1024 (5th Cir. 1994)).
[41] R. Docs. 54 and 54-2, No. 18-0190 (W.D. La. Jan. 9, 2019).  Plaintiff's application for TRO and complaint in the Western District are very similar to the ones Plaintiff filed in this case on January 15, 2019, *see* R. Docs. 1 and 1-2.
[42] R. Doc. 60, No. 18-0190 (W.D. La. Jan. 29, 2019).
[43] R. Doc. 64, Memorandum Order, No. 18-190 (W.D. La. March 5, 2019).
[44] R. Doc. 12-2.

them.    As such, if Plaintiff continues to assert frivolous claims in this Court, Plaintiff should be

ordered to show cause why Fed. R. Civ. P. 11 sanctions should not issue.

## III.  Conclusion

Accordingly, for the reasons set forth herein, Plaintiff's Second Motion for Leave to File

Amended and Supplemental Pleading is **DENIED**.[45]

**IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** for lack

of jurisdiction pursuant to *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005

(5th Cir. 2019)**.**

Signed in Baton Rouge, Louisiana, on February 14, 2020.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[45] R. Doc. 12.

9