# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 18, 2021

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

      No. 20-30461   Atakapa Indian de Creole v. Edwards
                        USDC No. 3:19-CV-28

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Monica R. Washington, Deputy Clerk
                        504-310-7705

cc:  Mr. Edward Moses Jr.



# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals Fifth Circuit
**FILED**
March 3, 2021
Lyle W. Cayce
Clerk

**Certified as a true copy and issued as the mandate on Jun 18, 2021**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 20-30461

ATAKAPA INDIAN DE CREOLE NATION,

*Plaintiff—Appellant*,

*versus*

JOHN BEL EDWARDS, GOVERNOR; SHARON WESTON BROOME, MAYOR; MELINDA MITCHELL, MAYOR; MURPHY J. PAUL, JR., BATON ROUGE POLICE CHIEF; LATOYA CANTRELL, MAYOR; ET AL,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-28

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 3, 2021
Lyle W. Cayce
Clerk

No. 20-30461

ATAKAPA INDIAN DE CREOLE NATION,

*Plaintiff—Appellant*,

*versus*

JOHN BEL EDWARDS, *Governor*; SHARON WESTON BROOME, *Mayor*; MELINDA MITCHELL, *Mayor*; MURPHY J. PAUL, JR., *Baton Rouge Police Chief*; LATOYA CANTRELL, *Mayor*; ET AL,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-28

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.
PER CURIAM:[*]

    Plaintiff sued more than 150 defendants alleging civil rights violations, fraud, and trademark infringement, among other claims. The district court

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

dismissed the complaint for lack of jurisdiction because the claims were frivolous. The district court also denied leave to amend the complaint.

The plaintiff named in the complaint is said to be the Atakapa Indian de Creole Nation. Its attorney is Edward Moses, Jr., who styles himself as "Christian Emperor de Orleans," "His Majesty," and the "Trust Protector" of the Nation. As we remarked in a similarly implausible suit, Moses appears to be the suit's "real plaintiff." *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019).

In 2018, Moses filed a lawsuit in the United States District Court for the Western District of Louisiana. The district court dismissed that lawsuit on the basis of sovereign immunity. We affirmed on the basis that the district court lacked jurisdiction because the claims were frivolous. *Id.* at 1007.

As the magistrate judge explained when recommending dismissal of this lawsuit, Plaintiff's claims here are similar to those he alleged in 2018. Plaintiff invokes myriad federal laws and treaties yet makes no coherent argument as to why he is entitled to relief under any of them. The defendants include corporations and local, national and international leaders, among others, but Plaintiff does not explain their connection to the allegations. For the reasons we explained in *Atakapa Indian de Creole Nation*, we hold that the district court properly dismissed this lawsuit for lack of jurisdiction because the claims were frivolous. *See id.*

The district court also denied leave to amend the complaint. Although the district court did not explain its reasons, we can affirm that denial "if the futility of amendment is readily apparent and the record reflects ample and obvious grounds for denying leave to amend." *Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020). We hold that the futility of any amendment here was readily apparent and justified by the record.

AFFIRMED.